Davenport, Serj.
argued for Sir George, that the obligation is not void, according to that statute, because it appeared to him, that a marshal is not an officer within that statute. And he said further, that a person imprisoned is in the custody of the law, and it is against his allegiance to escape. 3 Rep. 44 and 52. b. And the obligation in this case is for a lawful thing; because he ought to have been a true prisoner, according to law, and therefore an obligation for his true imprisonment is good. I confess that if it had been for ease and favor, it would be void by this statute: for case to the prisoner is contrary to law, which requires him to be kept in salva et arcta custodia, that he may be sooner induced to pay his debts. But the jury have discharged us of this, because they have found it was not for ease and favor, but for his true imprisonment; and there is no case against us, but one expressly for us. H. 19 Jac. B. R. rot. 1202. Sir Thomas Periot's case, which is exactly like this, and H. 20 Jac. 706 and H. 17. Jac. 1276. 576 are also in point, and prove that all obligations taken by sheriffs &c. are not void, 23 H. 6. See 10 Rep. 99. 21 H. 7. 16. Dyer 323. 324. Observe that the books which say that the sheriff cannot take an *24 obligation for ease and favor, refer only to such cases where one is arrested on a mesne process, and therefore bailable by law, and not of such where one is imprisoned under an execution, See more of this case, postea p. 143. Poph. 165.